IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 14-7106

---

NOT YET SCHEDULED FOR ORAL ARGUMENT

---

**JOSEPHINE MCALLISTER, ET AL.,**
*Plaintiffs-Appellant*,

vs.

**THE DISTRICT OF COLUMBIA**
*Defendant-Appellee*.

---

ON APPEAL FROM AN ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**BRIEF FOR APPELLANTS**

---

> Douglas Tyrka
> Tyrka & Associates, LLC
> 7322 Churchill Rd.
> McLean, VA  22101
> (202) 332-0038
> tyrka@tyrkalaw.com

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

A. *Parties and amici.* The plaintiffs below and appellants here are Josephine McAllister, Wilma Eley, Nina Suggs, Don Zuckerman, Denise Clark, Arlethia Summers, Shanise Taylor, Valerie Anderson, Margorie Gross, Deborah Smith, Deborah Spriggs, Tamica Felton, Tarsha Wood, Antoinette Duren, Cathy Wiggins, Maria Mendoza, Paula Best, Michael Wall, Tykenia Baxter, and Lashon Clark. The defendant below and appellant here is the District of Columbia. There are no amici.

B. *Ruling under review.* The Appellants appeal from the March 6, 2014, memorandum opinion and order (Contreras, J.) partially denying the Appellants attorneys' fees and costs, as altered on June 27, 2014. Doc. 31-32.

C. *Related cases.* This case has not been before any court except the district court below. There are no related cases.

# TABLE OF CONTENTS

JURSIDICTIONAL STATEMENT………………..…………………………1

STATEMENT OF THE ISSUES……………..…………………………….1

STATEMENT OF THE CASE..................................................................................1

STANDARD OF REVIEW......................................................................................4

SUMMARY OF ARGUMENT.................................................................................5

ARGUMENT……………………………………………………………….......5

I.     THE DISTRICT COURT WRONGLY APPLIED *MURPHY* TO THIS CASE……………………………………………………………………...5

II.    THE DISTRICT COURT WRONGLY ASSUMED THAT ALL OF MS. MILLIS'S WORK WAS PERFORMED IN SUPPORT OF EXPERT TESTIMONY…………………………………………………………..8

CONCLUSION…………………………………………………………...10

# TABLE OF AUTHORITIES

## Cases

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291 (2006)……….4-8

*Conservation Force v. Salazar,* 699 F.3d 538 (D.C. Cir. 2012)…………………….5

*Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980)……………………………..4

*Kaseman v. D.C.,* 444 F.3d 637 (D.C. Cir. 2006)………………………………….5

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* No. 99 CIV. 9294 CSH, 2003 WL 21694398, at *2 (S.D.N.Y. July 22, 2003)……………………………….6

_____

**\*** Authority upon which the Plaintiffs chiefly rely.

## Statutes and Regulations

20 U.S.C. § 1400, *et seq*……………………………………………………………2

20 U.S.C. § 1415(i)(3)…………………………………………………………...2, 4

28 U.S.C. § 1291……………………………………………………………………...1

28 U.S.C. § 1331……………………………………………………………………...1

# GLOSSARY

IDEA             Individuals with Disabilities Education Act

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case under 28 U.S.C. § 1331. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because it is an appeal from a final order of the district court.

The order in question was entered on March 6, 2014. The Appellants made a motion under Fed.R.Civ.P. 60 on March 18, 2014, and the district court partially altered the judgment on June 27, 2014. The Appellants filed a timely notice of appeal on July 25, 2014.

## STATEMENT OF THE ISSUES

1. Whether the district court erred when it applied a Supreme Court decision denying reimbursement of the "cost" of a non-lawyer consultant to the question of compensation for the work of a law firm staff member billed as part of "attorneys' fees."

2. Whether the district court abused its discretion when it denied reimbursement for the work of a law firm staff member because the court explicitly assumed that all of her work was related to expert testimony, contrary to the record evidence.

## STATEMENT OF THE CASE

The Plaintiffs are the parents of children with special needs, each of whom prevailed in at least one case brought against the District of Columbia Public

1

Schools under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. *See* Doc. 32 at 4-7 (finding two plaintiffs to be prevailing parties in the only two instances challenged by District). The Plaintiffs brought suit in the district court under the fee-shifting provision of the IDEA to recover the attorneys' fees and costs incurred in a total of 23 cases. *See* 20 U.S.C. § 1415(i)(3).

Many issues were contested, but the only one relevant to this appeal is the reimbursement of the law firm's charges for the work of Sharon Millis as part of the attorneys' fees.

Tyrka & Associates, LLC represented the Plaintiffs in all of the underlying cases. *See* Doc. 32 at 1; Doc. 21-6; Doc. 21-7. Sharon Millis was a member of the firm's staff. *See* Doc. 21-6; Doc. 21-7; Doc. 25-2.[1]

For the 23 cases, the firm billed a total of 179.5 hours of Ms. Millis's time at the paralegal rate. *See* Doc. 21-6. Of those hours, 5.75 were for her testimony, and her preparation for that testimony, in four of the 23 cases. *See id.* Ms. Millis did not testify in the other 19 cases, though she performed various other tasks in almost all the cases.

---

[1] Ms. Millis was a full-time member of the firm staff on a retainer with the firm. Doc. 21-7. Because the District never contested compensation for Ms. Millis on the basis of her employment status, the Plaintiffs did not submit any more evidence of her permanent employment by the firm.

2

The District did not contend that Ms. Millis was not sufficiently qualified to do paralegal work. The District did not contest any time entry for Ms. Millis.

Instead, the District argued that none of Ms. Millis's time was compensable because she was an "advocate" and "not actually [a] paralegal[]." Doc. 22 at 15-16. The District argued that Ms. Millis was therefore akin an "expert[] or consultant[]" not compensable as an "expense[]."

In calling Ms. Millis an "advocate," the District did not refer to any particular work performed by Ms. Millis or make any allegation regarding her employment status. The District relied entirely on Ms. Millis's reference to herself as an "advocate" in a version of her CV. *See* Doc. 26 at 4-5; Doc. 22 at 15-16.

In response, the Plaintiffs argued that Ms. Millis's role in the firm met the American Bar Association's definition of "paralegal" or "legal assistant." *See* Doc. 25 at 9-11. Because Ms. Millis was a paralegal in function and because she was a member of the firm staff, not a consultant independently retained by the Plaintiffs, the Plaintiffs argued that her time was compensable as part of attorneys' fees. *See id*.

As part of a larger decision resolving the case, the district court denied reimbursement for any of Ms. Millis work, though it awarded reimbursement for all other paralegal work. *See* Doc. 32 at 10-11. In one paragraph of analysis the district court cited the version of Ms. Millis's CV in the record and a past district

3

court decision denying reimbursement for her work. *See id.* The district court then noted that Ms. Millis had testified in one of the 23 underlying cases, "presum[ed]" that she had testified as an expert, and then went on to "presume[] that she served as an expert consultant throughout" all of the cases. *Id.*

The district court did not consider any of the work performed by Ms. Millis other than her testimony in the one case. *See id.* The district court did not define the term "expert consultant." *See id.* Though the district court referred to *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* which addressed "experts and consultants," the district court did not explain whether and how Ms. Millis fit into that category. *See id.*, *citing* 548 U.S. 291 (2006).

The Plaintiffs moved for an alteration of the judgment on other grounds unrelated to this appeal, and the district court altered and clarified the judgment in part. The Plaintiffs then timely appealed.

## STANDARD OF REVIEW

In general, this Court reviews the district court's award of fees for abuse of discretion. *See* 20 U.S.C. §1415(i)(3)(B)(i) (court may award fees "in its discretion"); *Copeland v. Marshall*, 641 F.2d 880, 901 (D.C. Cir. 1980) (*en banc*) ("It is common learning that an attorney's fee award by the District Court will be upset on appeal only if it represents an abuse of discretion."). But the Court "examine[s] *de novo* whether the district court applied the correct legal standard"

4

when making the award. *Conservation Force v. Salazar*, 699 F.3d 538, 542 (D.C. Cir. 2012) (internal quotations omitted); *see Kaseman v. D.C.*, 444 F.3d 637, 640 (D.C. Cir. 2006).

## SUMMARY OF ARGUMENT

The district court appeared to base the denial of reimbursement upon the Supreme Court's decision in *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006). That decision barred compensation for the time of an independent non-lawyer consultant, claimed as a litigation "cost." Because Ms. Millis was a member of the firm staff and because her time was therefore billed as part of "attorneys' fees," the district court erred in denying reimbursement on that basis.

Additionally, the district court explicitly assumed the key facts leading to its refusal to order reimbursement for Ms. Millis's work. The court thereby abused its discretion.

## ARGUMENT

### I.  THE DISTRICT COURT WRONGLY APPLIED *MURPHY* TO THIS CASE

Though the district court was not explicit, the court appeared to rely the Supreme Court's decision in *Murphy,* which barred reimbursement for independent non-lawyer consultants as part of litigation "costs." *See* Doc. 32 at 10-11, *citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006). The

5

district court's use of *Murphy* here was erroneous for at least two reasons: 1) Ms. Millis's time was not billed as part of costs; and 2) Ms. Millis was not an independent consultant.

The District, and to some degree the district court, focused on calling Ms. Millis an "advocate." *See, e.g.,* Doc. 32 at 10 ("The Court Will Not Award Fees For An Advocate."). But in *Murphy*, the Court did not hold that the time of an "advocate" was not compensable, and did not distinguish between an "advocate" and a "paralegal;" the Court did not use the term "advocate" anywhere in the decision. In *Murphy* the Court decided the question of whether the fees of an individually retained "educational consultant" could be reimbursed as part of costs. *See* 548 U.S. 291.

The consultant in question in *Murphy* was entirely independent, not the agent of any law firm. The *Murphy* plaintiffs had retained the consultant directly. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, No. 99 CIV. 9294 CSH, 2003 WL 21694398, at *2 (S.D.N.Y. July 22, 2003) *aff'd sub nom. Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 402 F.3d 332 (2d Cir. 2005) *rev'd and remanded*, 548 U.S. 291, 126 S. Ct. 2455, 165 L. Ed. 2d 526 (2006).

Because the consultant was neither an attorney nor under the supervision of one, the *Murphy* plaintiffs did not argue that her fees were compensable as attorneys' fees, but rather as costs. 548 U.S. at 297. The Court rejected that

6

argument because the "list of otherwise recoverable costs is obviously the list set out in 28 U.S.C. § 1920[.]" 548 U.S. at 297-98.

In sum, in *Murphy* the Court held that the cost of an independent, non-lawyer consultant was not reimbursable as a litigation "cost." That holding has very little to do with this case, in which Ms. Millis was not an independent consultant and her time was not billed as a cost.

The District never even alleged that Ms. Millis was an independent consultant like the woman in *Murphy* or anything other than a member of the law firm's staff. The district court, relying on its erroneous assumptions,[2] called Ms. Millis a "consultant," but never explained its use of that term or analyzed whether Ms. Millis bore any resemblance to the consultant in *Murphy*. *See* Doc. 32 at 10-11.

Unlike the *Murphy* plaintiffs, the Plaintiffs did not retain Ms. Millis separately. Ms. Millis was employed by the firm, where she worked directly under lawyer supervision, doing work that would have otherwise been done by lawyers. *See* Doc. 21-7 at 5; Doc. 25-2 at 2; Doc. 21-6.

Ms. Millis' professional role bears little resemblance to that of the consultant in *Murphy*, but perfectly meets the ABA definition of paralegal/legal assistant:

> a person, qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental

---

[2] *See* Argument II, below.

7

agency or other entity and who performs specifically delegated substantive legal work for which a lawyer is responsible.

Doc. 25-1. Accordingly, the Plaintiffs requested reimbursement for the cost of her work – just like the work of the other paralegals on staff – as part of attorneys' fees, not costs. *See* Doc. 21-6.

The entire point of the *Murphy* decision is to define the limits of "costs" as distinct from "attorneys' fees." Because the firm correctly billed for Ms. Millis's work, supervised by lawyers, as part of "attorneys' fees," *Murphy* is inapposite.

## II.   THE DISTRICT COURT WRONGLY ASSUMED THAT ALL OF MS. MILLIS'S WORK WAS PERFORMED IN SUPPORT OF EXPERT TESTIMONY

The district court explicitly assumed the key facts underlying its decision not to reimburse for Ms. Millis's time.

> Here, Millis actually testified at a hearing (presumably as an expert)….If Ms. Millis is serving as an expert in this capacity, while still being billed as a paralegal, the Court presumes that she served as an expert consultant throughout.

Doc. 32 at 11 (internal citations omitted).

The district court made no attempt to test its presumptions. The record contains no support for the presumptions. The District had not even alleged anything similar in its filings.

8

The record almost entirely contradicts the district court's presumptions. The time records indicate that Ms. Millis did not testify at all in nineteen of the twenty-three cases, much less as an expert. Doc. 21-6.

In the one case cited by the district court, there is no indication that Ms. Millis testified as an expert, as opposed simply to a witness of the facts of that case, which facts included the events of meetings attended by Ms. Millis. *See* Doc. 21-5 at 1-10. The administrative decision contains no mention of any expert opinion or any need for it. *See id*. It contains only one mention of Ms. Millis at all, only as a source of factual testimony.[3] *See id.* at 5.

The district court relied on its wrong presumptions, but also upon a flawed analytical approach. The district court concluded that if Ms. Millis did not serve "exclusively" as a paralegal, none of her time is compensable. *See* Doc. 32 at 10-11. By that reasoning, if an attorney sometimes makes copies or cleans the office kitchen counters, s/he can never bill for any legal work. If the district court had found – from an analysis of the record instead of presumptions – that some of Ms. Millis's work was not compensable, then the reasonable correction would have been to strike those entries, not to deny all compensation for all work.

---

[3] Had the District raised a question regarding the nature of Ms. Millis's testimony, the District or the Plaintiffs could have obtained the transcripts of the hearings in question.

9

## CONCLUSION

For these reasons, this Court should hold that the district court erroneously interpreted the law and otherwise abused its discretion, reverse the order of the district court, and order the reimbursement of all fees for Ms. Millis's work.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
7322 Churchill Rd.
McLean, VA  22101
(ph) (202) 332-0038
(f) (202) 332-0039
tyrka@tyrkalaw.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation in Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 2,157 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman 14 point.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, a copy of this brief was served via the Court's electronic service on

Richard S. Love
Senior Assistant Attorney General
Office of the Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka